Reichenbach v Garden City Pub. Schs.

2026 NY Slip Op 02427

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

George Anthony Reichenbach, appellant,

v

Garden City Public Schools, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-02997, (Index No. 900399/21)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City, NY (Danielle Muscatello and Donna Aldea of counsel), for appellant.

McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Gary J. Intoccia, Mindy Kallus, and Matthew Williams of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated January 31, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Garden City Public Schools.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) to recover damages he allegedly sustained as a result of the defendants' negligent failure to prevent sexual abuse perpetrated by a teacher employed by the defendants. The defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against the defendant Garden City Public Schools (hereinafter Public Schools) on the ground that Public Schools lacked actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse that the teacher allegedly perpetrated. By order dated January 31, 2024, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.

"'When an employer has notice of its employee's propensity to engage in tortious conduct, yet retains and fails to reasonably supervise such employee, the employer may become liable for injuries thereafter proximately caused by its negligent supervision and retention'" (Nellenback v Madison County, ___ NY3d ___, ___, 2025 NY Slip Op 02263, *1, quoting Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157). "For prior conduct to provide notice of an employee's propensity to commit a tort, that conduct must be similar to the . . . injury-causing act" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d at 159 [internal quotation marks omitted]).

"'Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [school] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable'" (Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d 914, 916, quoting Kwitko v Camp Shane, Inc., 224 AD3d 895, 896; see Nellenback v Madison County, ___ [*2]NY3d at ___, 2025 NY Slip Op 02263, *3). "Therefore, actual or constructive notice to the school of prior similar conduct generally is required" (Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 916 [internal quotation marks omitted]; see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d at 159).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Public Schools by submitting, inter alia, the teacher's personnel file, which demonstrated that Public Schools had no actual knowledge that the teacher had previously committed or had any propensity to commit sexual abuse (see Nellenback v Madison County, ___ NY3d at ___, 2025 NY Slip Op 02263, *3). Although the teacher was once accused of sexually inappropriate behavior with a fellow teacher (hereinafter the accusing teacher), his personnel file demonstrated that Public Schools investigated that accusation when the accusation was made and determined that the allegation was unfounded.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the investigation was biased or that there was a conspiracy to silence the accusing teacher are entirely speculative and therefore insufficient to raise a triable issue of fact (see id. at *4).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Public Schools.

The plaintiff's remaining contention is without merit.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court